UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CT-3179-BO

| | |
|---|---|
| ANSEL P. STREET, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| MRS. POWELL, et al., ) | |
|     Defendants. ) | |

On October 4, 2010, Ansel P. Street ("plaintiff"), a state inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] Now before the court is a motion to dismiss pursuant to Rule 12(b)(6) by Dr. Joseph Lightsey (D.E. # 20), a motion to dismiss pursuant to Rule 12(b)(5) by Shatavia Giles (D.E. # 23), and a motion to dismiss pursuant to Rule 12(b)(6) by Jane Powell, Angela Jones, and Deronda Williams (D.E. # 44 and 60).[2] Plaintiff has filed a motion for appointment of counsel and request for medical records (D.E. # 28), a second motion for appointment of counsel (D.E. # 35), a second motion for discovery (D.E. #39), four motions to amend (D.E. # 50, 51, 55, and 64), and a motion for injunctive relief (D.E. # 54).

Plaintiff claims deliberate indifference to serious medical conditions, such as the care of a preexisting bullet wound, dietary restrictions, and general medical care including the improper or delayed dispensing of medication.[3] He asserts claims of retaliation for seeking medical care and

---

[1]Prior to conducting this frivolity review, plaintiff filed additional documents with the court (D.E. # 5-9). The court construed each document as motions to amend and allowed them to be considered with the original complaint.

[2]On January 13, 2012, Angela Jones and Deronda Williams filed a motion to dismiss in which they sought to fully incorporate the September 13, 2011, motion pursuant to Federal Rules of Civil Procedure, Rule 10(c). (D.E. # 44, 45, and 60).

[3] Plaintiff does not assert state negligence claims as argued by defendants and the court shall not address those reasons for dismissal of the action.

the exercise of his First Amendment rights. He asserts that he has been further injured due to the retaliation which resulted in stitches over his left eye. (D.E. # 38) He also claims to have been placed into a cell where the door is broken and must be kicked in to be opened due to the retaliation. (Id.)

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). Thus, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

B.  Analysis

   1.  Motion to Dismiss for Insufficient Service of Process

Shatavia Giles seeks dismissal on the ground that Street failed to effect proper service of the complaint and summons upon her. (See, Def. Shatavia Giles, L.P.N.'s Motion to Dismiss) Proper service of process (or waiver of service under Fed. R. Civ. P. 4(d)) is necessary for the court to exercise personal jurisdiction over a defendant. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Under Rule 4(m), if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court must dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time, unless the plaintiff can show good cause. Fed. R. Civ. P. 4(m). Rule 4(e)(1) permits a plaintiff to serve individual defendants "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1). The North Carolina Rules of Civil Procedure permit service "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1 A-1, Rule 4(j)(1)(c). A plaintiff may deliver the documents to defendant's place of employment. See id.; Moore v. Cox, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004); Waller v. Butkovich, 584 F. Supp. 909, 926 (M.D.N.C. 1984).

When a defendant challenges service by certified mail, a plaintiff must submit an affidavit stating that a copy of the summons and complaint was mailed and attach the return receipt indicating that service was received in accordance with N.C. Gen. Stat. § 1-75.10(4). See Moore, 341 F. Supp. 2d. at 573. If the attached return receipt was signed by a person other than the addressee, North Carolina presumes "that the person who received the mail . . . and signed

3

the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process." N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2); see Moore, 341 F. Supp. 2d. at 573; Fender v. Deaton, 130 N.C. App. 657, 662, 503 S.E.2d 707, 710 (1998). A party may rebut this presumption of valid service with "affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant." Grimsley v. Nelson, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996); see Moore, 341 F. Supp. 2d at 573.

There is no showing of improper service. On May 20, 2011, the United States Marshal filed a return of service on Shatavia Giles indicating service on her via certified mail, return receipt requested. The attached return receipt shows that the delivery was accepted by "D.L. Jenkins" who, under North Carolina law, is presumed to be Giles' agent for service of process. Giles has presented only her individual affidavit challenging the service, not the "affidavits of more than one person[.]" Grimsley, 342 N.C. at 545, 467 S.E.2d at 94; see Moore, 341 F. Supp. 2d at 573. Because Giles has not overcome the presumption of valid service under North Carolina law, the court denies his motions to dismiss without prejudice based on improper service.

    2.      Motions to Dismiss for Failure to State a Claim

        a.      Eighth Amendment Claims

Plaintiff alleges defendants acted with deliberate indifference to his serious medical needs. "In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The

4

Case 5:10-ct-03179-BO   Document 65   Filed 02/21/12   Page 4 of 8

Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious'"–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.'" See Strickler, 989 F.2d at 1379 (quotations omitted).

The court begins with the objective prong of the Eighth Amendment test. "[F]or prison conditions to rise to the level of unconstitutional punishment, there must be [objective] evidence of a serious medical and emotional deterioration attributable to the challenged condition." Strickler, 989 F.2d at 1380. In this case, plaintiff alleges that defendants acted with deliberate indifference towards his chronic pain which results from the wrist that suffered a bullet injury. The court finds that chronic pain constitutes a serious medical need for the purposes of his Eighth Amendment claim in this motion to dismiss. See Hall v. Hopkins, No. 7:10-cv-393, 2012 WL 43510, *4 (W.D. Va. Jan. 9, 2012). Thus, plaintiff's allegations satisfy the objective prong of the Eighth Amendment test.

The court next considers the second prong of the Eighth Amendment test–whether defendants acted with deliberate indifference to plaintiff's serious medical needs. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). An inmate is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318-19 (4th Cir. 1975) (per curiam). Likewise, mere negligence or malpractice in diagnosis or treatment does not state a constitutional

5

claim. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998). Lastly, delay of medical treatment or interference with medical treatment may be sufficient to constitute a violation of the Eighth Amendment. Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009); Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008).

Here, plaintiff alleges that he suffers from an old gunshot wound to his wrist. He alleges that fragments of the bullet remain at the site (his wrist) causing chronic pain, arthritic symptoms, and nerve damage. It appears that he has been given some pain medication, but there is documentation that the medication upset his stomach. He also asserts that the medication has been continually delayed and/or interfered with which is both deliberate indifference and in retaliation for filing suit and seeking medical care. The claims may not be dismissed under Rule 12(b)(6).

    b.    Retaliation Claim

Plaintiff alleges defendants delayed or stopped his medications in retaliation for exercising his right pursuant to the First Amendment to the United States Constitution to file civil lawsuits. Plaintiff also alleges that due to this retaliation he suffered a wound to his left eye requiring stitches. Lastly, plaintiff states he has been placed in an unsafe cell which has a broken cell door that must be kicked open by guards.

For an inmate to state a colorable claim of retaliation, the alleged retaliatory action must have been taken with regard to the exercise of some constitutionally protected right, or the retaliatory action itself must violate such a right. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Moreover, in a retaliation action alleging First Amendment violations, a plaintiff must establish that conduct complained of adversely affected his constitutional rights. ACLU v. Wicomico

6

County, 999 F.2d 780, 785 (4th Cir. 1993). Additionally, a plaintiff must allege specific facts supporting the claim of retaliation; bare assertions of retaliation do not establish a claim of constitutional dimension. Adams, 40 F.3d at 74-75.

Here, plaintiff alleges that defendants acted with deliberate indifference to his medical care because he exercised his first amendment right to file a lawsuit against prison officials as well as for seeking medical care. The court finds these allegations are sufficient to allege a retaliation claim against defendants. However, to the extent plaintiff alleges that defendants acted in retaliation for his filing grievances, such allegations fail to state a retaliation claim. Daye v. Rubenstein, 417 F. App'x 317, 319 (4th Cir. Mar. 17, 2011).

c. Discovery Motions

The motions are DENIED given that counsel (see section d.) is being appointed.

d. Motions for Appointment of Counsel (D.E. # 28 and 35)

The court shall grant the motions for appointment of counsel. Thus, NCPLS is appointed in this matter. The motions are ALLOWED (D.E.# 28 and # 35).

e. Injunctive Relief (D.E. # 54)

Plaintiff's motion for preliminary injunction or temporary restraining order ("TRO") is denied (D.E. # 54). A court may grant a TRO without notice to the adverse party if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). When considering a request for injunctive relief, a court must consider: "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the

7

likelihood that the plaintiff will succeed on the merits, and (4) the public interest." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 (4th Cir. 2002) (quotation omitted); see N.C. State Ports Auth. v. Dart Containerline Co., 592 F.2d 749, 750 (4th Cir. 1979); Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 193–95 (4th Cir. 1977).

A TRO and preliminary injunction are "warranted only in the most extraordinary circumstances." Taylor v. Freeman, 34 F.3d 266, 270 n.2 (4th Cir. 1994). Plaintiff has failed to meet his burden of proof. Therefore, plaintiff's motion for a TRO and a preliminary injunction (# 54) is denied in the entirety.

C. Conclusion

Accordingly, the motion to dismiss pursuant to Rule 12(b)(6) by Dr. Joseph Lightsey (D.E. # 20) is DENIED; the a motion to dismiss pursuant to Rule 12(b)(5) by Shatavia Giles (D.E. # 23) is DENIED; and the motion to dismiss pursuant to Rule 12(b)(6) by Jane Powell, Angela Jones, and Deronda Williams (D.E. # 44 and 60) is DENIED. Plaintiff's motions for appointment of counsel (D.E. # 28 and # 35) are ALLOWED and NCPLS is appointed; the discovery motions are DENIED given NCPLS has been appointed (D.E. # 28 and #39); the four motions to amend (D.E. # 50, 51, 55, and 64) are ALLOWED; and the motion for injunctive relief is DENIED (D.E. # 54).

SO ORDERED, this the 19 day of February 2012.

TERRENCE W. BOYLE
United States District Judge