UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CT-3179-BO

| | |
|---|---|
| ANSEL P. STREET,<br>　　　Plaintiff, | )<br>)<br>) |
| v. | )　　ORDER<br>) |
| MRS. POWELL, et al.,<br>　　　Defendants. | )<br>)<br>) |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by a state inmate, Ansel P. Street ("plaintiff"). On February 21, 2012, the court denied defendants' motion to dismiss pursuant to Rule 12(b)(5) and (6) (D.E. 65). In that order, the court allowed a motion for appointment of counsel. Id. Next, an amended complaint was filed through appointed counsel (D.E. 76). Defendants then filed a second motion to dismiss pursuant to Rule 12(b)(5) for lack of jurisdiction based on insufficiency of process and motion to dismiss pursuant to Rule 12(b)(6) (D.E. 82). On February 7, 2013, the court held a hearing.

For clarification, defendants Dr. Lightsey, Nurse Giles, and Nurse Powell are the remaining defendants to the action. Defendants Jones and Williams have been voluntarily dismissed (D.E. 86). The claim for retaliation has been removed from the suit and is not being pursued. See Am. Compl. Lastly, as stated in the court's prior order, plaintiff does not assert state negligence claims. D.E. 65, p. 10; see Pl's Resp. in Opp'n to Mot. to Dismiss p 10 ("Mr. Street asserts no claim of medical negligence and therefore is not required to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure. Mr. Street asserts instead that Defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment rights.")

## DISCUSSION

A. Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). Thus, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

B. Analysis

1. Motion to Dismiss for Insufficient Service of Process

The motion to dismiss based on insufficiency of service has been previously addressed and denied (D.E. 65). The motion is therefore denied on the same grounds as discussed in the prior order (D.E. 65).

2

2.     Motion to Dismiss for Failure to State a Claim

Plaintiff alleges defendants acted with deliberate indifference to his serious medical needs. As clarified in the hearing, the deliberate indifference arises in the context of two issues: 1) the loss of 40 pounds due to the meals provided to plaintiff, and 2) the care and pain management of the pre-existing bullet wound.

"In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious'"–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.'" See Strickler, 989 F.2d at 1379 (quotations omitted).

As for the issue regarding the loss of 40 pounds due to the meals provided to plaintiff, plaintiff cannot satisfy the second prong of Strickler and the review is resolved there. Plaintiff has failed to show any connection between the three named defendants and the service of meals or provision of additional snacks. There is no information before the court asserted or relied upon by plaintiff that Dr. Lightsey, Nurse Giles, or Nurse Powell have any involvement with meal service. Plaintiff asserts that he has lost weight because the meals sometimes include pork or seafood. Plaintiff's religious beliefs preclude him from consuming pork, and plaintiff has an allergy to seafood. While it is clear that plaintiff has the right to practice religion under the

3

protections of the First Amendment while incarcerated such a claim has not been raised. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); see also, Am. Compl. p. 76.

The claim before this court is one of deliberate indifference due to the weight loss by three medical personnel due to the meal service. There are simply no allegations by plaintiff or proffered at the hearing that the named defendants, medical care providers to the institution, have any involvement with food preparation and service. Furthermore, § 1983 does not establish a system of vicarious responsibility. Ashcroft v. Iqbal, __ U.S. ___, __, 129 S. Ct. 1937, 1948 (2009). A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. See, e.g., Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir.1989); Hays v. Jefferson, 668 F.2d 869, 874 (6th Cir.); see also Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.). The claim fails.

Turning to the second claim, this claim also fails. Plaintiff has been incarcerated at Central Prison since April 23, 2008. through the date of this filing. Am. Compl. p. 3. When he was approximately ten years old, Mr. Street sustained a bullet wound to his left arm. Id. "Fragments of the bullet remain in his arm today, as the physician Mr. Street saw when he was shot believed that it would do more harm than good to remove the fragments while Mr. Street was still young and growing." Id. The bullet fragments cause him chronic pain, particularly in the morning and evenings. Id. and Resp. In Opp'n to Mot. to Dismiss. Plaintiff has been "treated mainly with Ibuprofen, which often causes stomach upset and does little or nothing to reduce his pain." Id. Plaintiff has filed several sick call requests, beginning in early 2010, complaining of pain, tingling, loss of mobility, and loss of feeling in his left wrist. Id.

4

As stated previously "for prison conditions to rise to the level of unconstitutional punishment, there must be [objective] evidence of a serious medical and emotional deterioration attributable to the challenged condition." Strickler, 989 F.2d at 1380. Here, the court found that "plaintiff alleges that defendants acted with deliberate indifference towards his chronic pain . . . chronic pain constitutes a serious medical need for the purposes of his Eighth Amendment claim in [the prior] motion to dismiss." D.E. 65 p. 5 (citing Hall v. Hopkins, No. 7:10-cv-393, 2012 WL 43510, *4 (W.D. Va. Jan. 9, 2012)). Thus, the court found that plaintiff's allegations satisfied the objective prong of the Eighth Amendment test. Id.

The court next reconsiders the second prong of the Eighth Amendment test–whether defendants acted with deliberate indifference to plaintiff's serious medical needs. Again the court restates that which it previously stated "[d]eliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." D.E. 65 p. 5 (citing Farmer v. Brennan, 511 U.S. 825, 835 (1994)). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. (citing Farmer at 837 and Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)).

What is conclusive in this case is that an inmate is not entitled to choose his course of treatment, see Russell v. Sheffer, 528 F.2d 318, 318-19 (4th Cir. 1975) (per curiam), and mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998). Plaintiff states that he has "been given mainly Ibuprofen" to relieve the pain from a pre-existing gun shot wound "which frequently causes his stomach to become upset and provides

5

little to no relief from his pain." Am. Compl., ¶15. Thus, the issue is one where plaintiff is not satisfied with his course of treatment, not that plaintiff is not being treated. To bolster this conclusion, the amended complaint states "Mr. Street also reports nerve problems in his arm. There are times when he has no feeling in his left wrist, yet he has been denied a nerve conduction test by the DAC." Id. ¶ 17. The Supreme Court has made clear that quesitons of professional medical judgment do not amount to cruel and unusual punishment. Estelle, 429 U.S. at 107 ( "But the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.")

Lastly, while delay of medical treatment or interference with medical treatment may be sufficient to constitute a violation of the Eighth Amendment this is not the allegation before the court. Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009); Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008). Plaintiff's original complaint and amended complaint state that he has been seen at sick call and that he has been provided medication. It appears that he is dissatisfied with the care. At most, this appears to lie in negligence. The claim is dismissed.

C.  Conclusion

Accordingly, defendants' motion to dismiss pursuant to Rule 12(b)(6) is ALLOWED [D.E. 82]. The case is CLOSED.

SO ORDERED, this the __12__ day of February 2013.

*Terrence W. Boyle*
TERRENCE W. BOYLE
United States District Judge

6